We are here today about a relatively simple question. Whether or not Mr. Sherrard should be permitted to withdraw his guilty plea in the trial court. His request to withdraw his guilty plea was based upon the fact that the evidence to which the prosecutor described during the guilty plea was insufficient for the judge to determine that Mr. Sherrard had committed the offence of residential burglary. Residential burglary requires that the person charged knowingly enter or remain in another court. The evidence described by the prosecutor was that on January 28th of 2014 certain homeowners arrived home. It was unclear how long they had been gone. They found their door forced open. It's unclear what that means. There was no description if that meant that the door was open, if the lock was broken, what entirely occurred. We know it wasn't locked shut in other words. We don't know that. All we know is that the phrase used was forced open. But what that means, does that mean the lock was forced? It could mean that. It could mean that it was forced open in the sense that it was just open and they saw splintering. We don't know what it means. And that later that same day again it's unclear how long. It's not an element of a crime though is it? No Your Honor. The only element is that someone entered without authority or remained without authority. Now the court is case law suggesting that signs of a break in could establish that. But my point which is we don't know what signs of a break in there may or may not have been. We only have the phrase. Did your client plead guilty to this? He ended up pleading guilty and then prior to sentencing asked to withdraw the plea of limiting. Okay. So the elements are significant because? Because Your Honor, he contended that when he asked to withdraw the plea of guilty that he had not committed the crime. He retained new counsel prior to sentencing and asked his counsel to withdraw the guilty plea when he was informed that the facts as he knew them were not sufficient for the crime of residential burglary. Is there any question that he committed the crime or at least was in possession of the stolen goods? There's no question that he was in possession of the stolen goods later that day that he pawned them. And a vehicle similar to his was seen in the area? Yes Your Honor. At the same time? Again that was not part of the facts. Oh it was? Now wasn't that driving time part of the facts? Part of the facts was that it was the same date. I thought it was four to five hour driving time was part of the facts. My understanding was that the items were pawned four to five hours after the report from the homeowners occurred. But again, and I realize this is parsing to a decently specific degree, we don't know how long they've been gone. We don't know at what point the suspicious vehicle or the black SUV was seen in the area. It could have been at the low end, it could be less than four or five hours, but it could have been significantly more if we don't have that information. But are you saying that the plea requires a parsing to a specific degree of all the facts? No, I'm saying that the judge has to assure himself that there are sufficient facts to believe that the accused committed the act. And in this case, there aren't that sufficient. What we have is some evidence that items were taken from a home. And that later in that day, that Mr. Sherrard had those items and pawned them. Now, he conceded at, when he sought to withdraw the guilty plea, that there would have been sufficient facts to prove him guilty of possession of stolen goods. But were there sufficient facts to prove that he knowingly entered these people's property with the intention of theft? That, we argue, there is not. Essentially, it's a case of inference stacking. You have to take what benefacts were alleged by the prosecutor and reach certain conclusions from those and then reach certain conclusions from the inferences and then reach certain more conclusions before you can determine that Mr. Sherrard actually committed the offense. All this could have been avoided simply had there been a more fulsome explanation of the facts. Alternatively, if the trial court had asked Mr. Sherrard, did you commit the crime of residential burglary, that would have been sufficient as well under the case law. But neither of those things occurred. So the trial court never asked him if he agreed to the factual basis of the plea? He asked if he agreed to the factual basis, to the facts that were cited. And you don't think the factual basis set out every element of residential burglary? I don't think that it did with regards to Mr. Sherrard. It may have. It may. I think that the factual basis touched on every element. It did, but it touched on. Your client was standing there, right? Yes, ma'am. Did he agree with the factual basis? He did. So. Was there any objections at that point? He had counsel, I assume. He had counsel at the plea. Did counsel object at the non-factual basis? Not at the plea, Your Honor. At sentencing, yes. And, Your Honor, to your question, there was some evidence, obviously, of an unlawful entry in the sense of the door being forced. But there was a lack of direct connection between Mr. Sherrard and that offense, which is why, again, we would concede that. Why do you say that? Because. I mean, there was circumstantial evidence. There was some circumstantial evidence, yes. And the instruction criminally is that you can consider circumstantial evidence in connection with guilt or innocence, right? You can, yes, Your Honor. So I'm trying to understand, because the case law doesn't say you have to prove every element directly, you can have the circumstantial evidence. So if your client's standing there and there's a sufficient basis for the plea in that they touched on every element, I'm trying to figure out why your client wants to withdraw his guilty plea by the time of sentencing. I was interested in that, though. It wasn't after sentencing. It was actually at sentencing. Well, and you have two questions, and I want to make sure I answer them. Oh, yeah, I'm sorry. I didn't intend to do that. No, no, no. I just want to make sure I answer the correct one. To your question of why he wanted to do it, he, in between plea and sentencing, he was also on parole in the state of Missouri. In discussing the matter with his parole officer and, as I'm sure happens fairly frequently with others, was surprised that the facts, as he alleged them, were not sufficient to meet the definition of residential burglary. His allegation was that he had purchased these items from someone on the street and then gone to pawn them. So he got legal advice from his parole officer. And also when he hired my firm prior to sentencing. I should clarify that. I should say he was hired by a different firm. I'm sorry. He was represented by a different firm at plea. Between plea and sentencing, he became concerned. Discussing that with my firm, retained my firm. We entered at sentencing and, at that point, requested the plea be withdrawn. To your other question, Your Honor, about touching every element, there would be a difference between touching on every element and then offering proof sufficient to determine that the defendant committed the act. For example, if one were to, just as a hypothetical, one could suggest that provides sufficient evidence to establish that there was a murder, but without establishing that the defendant is the one to have committed the murder. Some things would suggest a murder, for example, a shooting, a stabbing. But it doesn't necessarily follow that this person is the one who did it. Is that where the circumstantial evidence comes in? Right. Yes. But here the circumstantial evidence was nothing more than there was a car that seemed to resemble my client's in the area. And the possession of the stolen property, yes. But he had to have entered into the home, and that's where the question here is. There's no evidence that he was the one who did that. It's not an accountability crime because if he would wait out in the driveway and somebody else would go in the house and then they'd bring stuff out and then he'd take off. That's not involved at all. I mean, he lived at Burberry. That is a possibility, yes, Your Honor. But, again, the problem with that is the circumstantial link between the two, besides the property, the stolen property, is a report of a large, dark SUV in the area. Which he's got. Which he does have, but there's no question of is it the same SUV, what time. No, I know that. I mean, it's certainly possible, but then that becomes a question of was there sufficient circumstantial evidence? We're talking about possibilities that we're filling in to permit the trial that found the evidence was sufficient for the guilty plea. I have a question that's off the record a little bit here. Can they revoke his probation in Missouri for a crime in Illinois, allegedly? Absolutely. Okay. And, obviously, without looking at his particular probation and parole order, this is somewhat off the record, but the general orders of probation and parole require that you abide by all states, local, federal, municipal, county laws. In any state? Correct. Okay. I'd give you more time because I took a couple minutes. Well, simply, Your Honor, we would ask that this court reverse the order and with direction to permit my client to withdraw his guilty plea. Thank you. Thank you very much. Mr. Daly? Good morning, Your Honor. May it please the court. I hope you can read my handwriting. I can. May it please the court, counsel, my name is Patrick Daly. I'm here on behalf of the state. We also know you're mud by now. I'm sorry? We also know you're mud by now. That's a little uncertain. Your Honor, there's been a lot of discussion here. I think that the caution is that we don't want to look at determining the adequacy of a factual basis in terms of whether it would meet the standard of burden of proof beyond a reasonable doubt. It's a lot different when we get to the guilty plea stage. The factual basis is not actually evidence itself. And nor is it really a factual basis, a trial on the things that are being presented about whether they would meet the burden of proof beyond a reasonable doubt. In fact, in my case, the defendant cites in his brief, it's designed to meet the standard of preponderance of the evidence, which is an interesting formulation when you think about preponderance of evidence. I believe it's defined as more likely than not. I think it's the correct formulation of that. In fact, the prosecutor is not even required to present all of their evidence at the time of the factual basis. All that's required is the courts can be able to consider what's being presented and reasonably conclude that based upon those facts that are being articulated, that it's reasonably likely that the defendant is the one who committed the crime and has to ascertain and make sure the purpose of the factual basis is to make sure that the defendant is not entering into a plea on the basis of a mistake or some misapprehension. So what we have in this case, and I think that the defendant raised a number of different issues in his motion to withdraw a guilty plea, and Justice Cates had touched upon that. This is the only aspect of the motion to withdraw a guilty plea, which is before the court now, that relates, I think, to the principal central question of the adequacy of the factual basis itself. This court can only find that the lower court's ruling on the adequacy of the factual basis was error if the court abuses discretion in its decision to reject the defendant's argument that the factual basis was insufficient. The only thing that the defendant is really challenged here, although we've touched a little bit at the beginning of the argument about, well, was there actually evidence of a forced entry, or was the forced entry, or was it authorized or unauthorized? But the defendant never actually challenged that below, and that statement that was made below, that there was evidence of forced entry, I think in and of itself establishes that aspect of unauthorized entry, if you will. The only thing the defendant is really challenging here, as I read the argument, is whether or not the defendant is actually the one who made the unauthorized entry. Here, when we look at the evidence, I think the defendant's proposition is basically, well, all you've got is possession of stolen goods, and recent unexplained possession of stolen goods is, excuse me, true enough not evidence of burglary or residential burglary, but there's actually more to it than that. You know, we have the entrance of forced entry into the residence. Items are determined by the homeowners to be missing. They are clawed on the same date. That's something we didn't really hear from counsel when we talked about this before. It wasn't even a matter of possessing the goods. The goods were taken to a location on the same date they were sold, and the defendant was seen, you know, the vehicle that was identified at the pawn shop, the defendant was described to be similar to a vehicle seen in the neighborhood at the time that the burglary took place. So the court, considering all this, and rejected the defendant's argument, it appears to me that you're looking at this like we're trying to be on a reasonable doubt, but that's not the standard that we have here. And that formulation of the law by the trial court below is absolutely correct. Here, there's little doubt when we look at the aggregate of the facts, considered directly, circumstantially, whatever, that the court could look at that and say the statement is presented on an adequate factual basis for me to accept the plea that the defendants come before the court, accepted that plea, and said, you know, I, you know, the elements of the offense here are being met, and therefore, whether or not one wants to try this factual basis on the purpose of reasonable doubt or not is really immaterial. Here's whether the court had an adequate reason to believe that there's a reasonable basis to believe that the defendant was being guilty to a crime that he was charged with and that he understood that. And that's what all there is to it, Your Honors. If you guys have any questions, I'll be happy to answer them. Thank you very much, Your Honors. Thank you, Mr. Bailey. You're welcome. I'll sit this very well for me to rebut and that. Well, you don't have to have rebuttal. I will, however, put one thing out. I will call attention to the Holm case, which we cite. Now, that was a case in which a gentleman had pled guilty to harassing a hunter. It was then found that his conduct may have fallen into an exception to it. In that case, there was no question, apparently, into the trial court whether or not he committed all the necessary elements of the offense. But the court of appeals said that the plea should have been permitted to be withdrawn because he had a, essentially, affirmative defense to it. That would be at least somewhat similar to this case. Certainly, my client had some circumstantial evidence against him, but there was not every element of the offense. He had a meritorious defense, which is one of the reasons to grant a motion to withdraw guilty plea. There's some question as to his guilt, maybe not to the prosecutor's mind, but from the objective standpoint. There's also a misapprehension of fact and law as to whether or not his conduct would have been sufficient to support a guilty verdict as to residential burglary. Let me ask you one question. Mr. Daley indicated that it was not an abuse of discretion for the court to reject your client's argument. Is there any difference between the fact that your client tried to withdraw it at sentencing as opposed to waiting until after sentencing? Is there any difference in how we are supposed to look at this? Is timing an issue, I guess, is what I'm asking? Not to my knowledge, Your Honor. Okay. So we look at it the same? I believe so. What about assistance of counsel in making this plea? That was alleged in the original motion to withdraw the guilty plea. Right. I saw, but... But it was not brought up in appeal, and I would confess that it was done by my predecessors on the case. That's right. That decision was made by my predecessors on the case. Okay. So the reasons for that are not something I'm aware of. I trust them in the sense that they may not have a good reason for it, but... Okay. Do you have anything else, Mr. Swanson? No. I don't want to cut you off. Okay. Thank you very much. Thank you, Your Honor. The matter will be taken under advisement, and we'll issue a disposition in due course.